[No. 24628. Department One. October 30, 1933.]

EVELYN E. HILL, *Respondent,* v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Appellant.*[1]

*The Attorney General* and *Browder Brown, Assistant,* for appellant.

*C. D. Cunningham,* for respondent.

MILLARD, J.—On December 13, 1927, while engaged in the extrahazardous employment of unloading wood from bunkers of a fuel company in Centralia, John W. Hill, aged sixty-three years, was struck by a piece of wood which knocked "him onto floor, injuring right shoulder, left eye and left side of face." Due to concussion of the brain, caused by the blow on the left side of his head, Hill was in a semi-conscious condition about four days. He filed his claim for compensation with the department of labor and industries, and was paid for several months' time lost. On April 17, 1929,

[1]Reported in 26 P. (2d) 76.

he was awarded compensation for permanent partial disability of ten degrees, and his claim closed.

Hill's petition, filed in December, 1931, for reopening of his claim, was denied. He filed an amended petition, on which hearing was had and evidence taken before the joint board of the department, February 17, 1932. Final action had not been taken by the joint board at the time of Hill's death, March 28, 1932. The proof of death filed by the physician who attended Hill during his last illness recites that the cause of death was "glaucoma due to hypertension caused by injury to head in which the skull was fractured."

The petition of Evelyn E. Hill, widow of the deceased, for a pension was denied October 17, 1932, by the joint board after hearing thereon. The rejection of the claim was based on the finding

" . . . that the deceased was suffering from a primary glaucoma not due to his injury prior to his death and that the cause of claimant's death on March 28, 1932, was a softening of the brain and a cerebral hemorrhage due to the disease of arteriosclerosis and not the injury of December 13, 1927."

From the decision of the department, the plaintiff appealed to the superior court for Lewis county, where a trial was had to the court. The cause was submitted upon the certified departmental record and the testimony of four physicians, three of whom were called as witnesses for the defendant, and one called as a witness in behalf of the plaintiff. The court found

" . . . that the proximate cause of the death of said deceased, and the superinducing cause thereof were the injuries which he received on the 13th of December, 1927,"

and entered judgment reversing the order of the department. From that judgment, the department has appealed.

The statute (Rem. Rev. Stat., § 7697) provides that, in the court review of the decision of the department of labor and industries, the decision of the department shall be *prima facie* correct, and the burden of proof shall be upon the party attacking the same. That burden was sustained by the respondent.

One of the department's physicians, who mistakenly closed the claim of Hill and suspended payments to him, testified that the original injury had nothing to do with Hill's death; that is, the physician refused to acknowledge that his prior position in closing the claim was erroneous. Another physician's testimony was to the same effect. A third physician, called as a witness in behalf of the department, testified that, in his opinion, Hill's death was caused by arteriosclerosis, but he frankly admitted that he might be mistaken. He testified:

"This can be explained by two very obvious ways, one is that the injury caused it [meaning the workman's death] and the other is that the arteriosclerosis gradually progressed as it does in all arteriosclerotic cases. Now, my opinion is that it was the arteriosclerosis. I may be wrong."

To sustain the position of the respondent is the testimony of four other physicians, who were of the opinion that the injury brought about the glaucoma. Three of the four physicians were of the opinion that the injury which the workman received was the superinducing cause of his death. There is testimony of lay and expert witnesses to the effect that, at the time he was injured, Hill, who was sixty-three years old, was able-bodied, performed hard manual labor, and had, previous to the injury, enjoyed excellent health. Subsequent to that injury he was never able to do any work. From the date of his injury, he speedily declined, mentally and physically. He was in agony con-

tinuously until he died. He had headaches, partial paralysis of the face, partial loss of taste, eye trouble, defective hearing, arteriosclerosis and glaucoma. None of these ailments, other than high blood pressure (a symptom of arteriosclerosis), appeared prior to the injury. All were continuously present following the injury to the date of Hill's death.

The finding of the trial court is amply sustained by the evidence, and the judgment should be, and it is, affirmed.

BEALS, C. J., STEINERT, MAIN, and MITCHELL, JJ., concur.